United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CLARINDA CANNON,

    Defendant.

Case No.: CV 11-06461-KAW

ORDER DENYING DEFENDANT CLARINDA CANNON'S REQUEST FOR HEARING ON RETURN OF PROPERTY

On July 22, 2013, this student loan matter was referred to the undersigned for all further proceedings. On May 9, 2012, the Government obtained a default judgment against Defendant Clarinda Cannon for allegedly unpaid student loan debt. On May 17, 2013, the writ of garnishment was issued. (Dkt. No. 9.)

On July 10, 2013, Defendant filed a request for a hearing for return of property claiming that she only learned about this litigation after receiving the Clerk's Notice of Post-Judgment Garnishment. (Def.'s July 10, 2013 Letter, Dkt. No. 19.) Several documents in this action were served on Defendant at different addresses. The complaint and summons were allegedly served, by substitute service, to Defendant at 2243 Beckham Way, Hayward, CA 94541. The letter of indebtedness attached to the complaint noted that Defendant's address of record was 830 Calmar Avenue, Oakland, CA 94610. The Court then served Defendant with an abstract of judgment to the 830 Calmar Avenue address. After the default judgment was entered, the writ of garnishment stated Defendant's current address was 548 Laurel St., Vallejo, CA 94591. Defendant's request for a hearing for return of property did not indicate that her wages were being garnished or that any property was otherwise taken.

The Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. § 3001, et seq., "provides the exclusive civil procedures for the United States ... to recover judgment on a debt."

28 U.S.C. § 3001(a)(1). In the instant case, if there was a lack of proper service or actual notice, the default judgment may be set aside. If Defendant was not properly served or did not have actual notice of the litigation until receipt of the Clerk's Notice for Post-Judgment Garnishment, she may move to set aside the default judgment. Defendant may wish to obtain legal representation. If not, Defendant may contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants— by calling (415) 782-8982 to make an appointment to have her questions answered about how to proceed.

For the reasons set forth above, Defendant's request for a hearing for the return of property is DENIED as premature, as it does not appear that any property has been taken. The Government shall mail Defendant copies of all documents previously served at the address provided on her request for hearing within 7 days of this order. The parties are then ordered to meet and confer to determine whether the issue of proper service and/or actual notice might be resolved without court intervention.

IT IS SO ORDERED.

DATE: September 23, 2013

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge