United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CLARINDA CANNON,

    Defendant.

Case No.: CV 11-06461-KAW

ORDER GRANTING DEFENDANT CLARINDA CANNON'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND VACATE JUDGMENT

    Defendant Clarinda Cannon has moved to set aside the entry of default and vacate the judgment entered against her in a student loan collection case. (Def.'s Mot., Dkt. No. 22.)[1]  On December 5, 2013, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Defendant's motion to set aside the entry of default and vacate judgment on the grounds that the judgment is void and should be vacated in the interest of justice.

## I. BACKGROUND

    On December 20, 2011, Plaintiff United States of America filed a complaint against Defendant Clarinda Cannon asserting that she owed $10,823.85 on the principal of a student loan, plus $18,658.82 in interest. (Compl., Dkt. No. 1, Ex. A.)  The summons was returned executed and filed on April 5, 2012. (Dkt. No. 2.)  The proof of service states that Faheem Moore, a registered California process server, served Defendant by substituted service at 2243 Beckham Way in Hayward, California on April 1, 2012 at 7:00 p.m. *Id.*

---

[1] The caption states that it is a motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). Default judgment, however, was entered in this case in the same motion as the entry of default.  Furthermore, since the Ninth Circuit applies a similar standard to setting aside default judgments pursuant to Rule 60, and Defendant is pro se, the Court considers her motion as both a motion to set aside the entry of default and a motion to vacate judgment.

On May 2, 2012, the Government filed a motion asking the clerk to enter default and judgment on default against Defendant in the amount of $34,621.92. (Dkt. Nos. 3 & 4.)  This total judgment reflected the $10,823.85 in principal on the loan, $20,171.20 in interest, $55.00 in court costs, and $3,571.87 in attorney's fees. (Dkt. No. 4 at 2.)  The Government's calculation of damages was supported by a certificate of indebtedness dated November 30, 2010. *Id.* at 3. The Government's motion included a certificate of service, stating that a copy of the motion had been mailed to Defendant at 2243 Beckham Way in Hayward, California. *Id.* at 4.

On May 9, 2012, the Clerk entered default. (Dkt. No. 6.) Also on May 9, 2012, the Clerk entered default judgment against Defendant in the amount of $34,621.92. (Dkt. No. 7.)

On May 17, 2013, the writ of garnishment was issued to Defendant's employer. (Dkt. No. 9.) On July 10, 2013, Defendant filed a request for a hearing for return of property claiming that she had only learned about this litigation after her employer received the Clerk's Notice of Post-Judgment Garnishment. (Dkt. No. 19.) On September 23, 2013, the Court denied Defendant's request for hearing as premature, as it did not appear that any property had been taken. (Dkt. No. 21.)  In that same order, the Court informed Defendant of the existence of the Federal Pro Bono Project's Help Desk and suggested that Defendant may want to seek their assistance to set aside the judgment. *Id*.

On October 22, 2013, Defendant filed the motion to set aside presently before the Court. (Dkt. No. 22.)

The Court notes that several documents in this action were served on Defendant at different addresses.  The complaint and summons were purportedly served, by substituted service, on Defendant at her sister's residence at 2243 Beckham Way, Hayward, CA 94541. (Dkt. No. 2.) The letter of indebtedness attached to the complaint listed Defendant's address of record was 830 Calmar Avenue, Oakland, CA 94610. (Compl., Dkt. No. 1, Ex. A.)  The Court then sent the abstract of judgment to Defendant's attention to the 830 Calmar Avenue address, which was listed as her last known address. (Dkt. No. 8.)  After the default judgment was entered, the writ of garnishment listed Defendant's last known address address as 548 Laurel St., Vallejo, CA 94591. (Dkt. No. 16.)

2

On December 5, 2013, the Court held a hearing, during which the Court placed Defendant under oath. At the hearing, Defendant testified that she never resided with her sister at the Beckham Way address in Hayward, but that she previously received mail at that address.

The parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). (Dkt. Nos. 31 & 33.)

## II. LEGAL STANDARD

### A. Setting Aside Default Judgments

Default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). Federal Rule of Civil Procedure 60(b) is "remedial" and should be liberally applied. *Id.* "[W]here there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Under Rule 60(b)(4), a default judgment may be set aside where the judgment is void. Fed. R. Civ. P. 60(b)(4). A default judgment is void where the court lacks personal jurisdiction due to insufficient service of process. *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). Unlike a motion to set aside default judgment for equitable reasons, there is no discretion for a district court to exercise under Rule 60(b)(4); either a judgment is void or it is valid. *Thomas P. Gonzales Corp. v. Consego Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). Therefore, a district court need not consider the merits of the defense, prejudice to the plaintiff, or culpability of the defendant under Rule 60(b)(4). *Internet Solutions*, 509 F.3d at 1165.

Where a defendant had actual notice of the suit and moves to vacate a default judgment for improper service of process, the defendant bears the burden of proving that service did not occur. *Id.* But even where the defendant did not have actual notice of the lawsuit, the Ninth Circuit has held that "[a] signed return of service constitutes prima facie evidence of valid service." *Id.* at 1166 (internal citations and quotation marks omitted). District courts have

interpreted this to mean that where plaintiff has made such a prima facie showing, defendant bears the burden of proving improper service whether or not defendant had actual notice of the suit. *See Oak Point Partners, Inc. v. Lessing*, No. 11-cv-03328 LHK, 2012 WL 4121109, at *3 (N.D. Cal. Sept. 18, 2012) (finding plaintiff's certificate of service, prima facie evidence of valid service, sufficient even if the burden remained on plaintiff to establish jurisdiction, and thus concluding that "[u]nder either allocation, then, defendant must now prove that service was not proper."); *Resolution Trust Corp. v. Bowen*, No. 92-cv-01671 PHX (PGR), 2008 WL 2001270, at *1 (finding that defendant bore burden of showing he was not served because plaintiff had produced a certificate of service, even though the parties disputed whether defendant had actual notice). Defendant's burden can only be discharged with "strong and convincing evidence." *Internet Solutions*, 509 F.3d at 1163.

Pursuant to Rule 60(b)(1), the district court may set aside a default judgment for reason of "mistake, inadvertence, surprise, or excusable neglect." A motion for relief under 60(b)(1) must be brought within one year of the entering of default judgment. Fed. R. Civ. P. 60(c). The moving party must satisfy the good cause standard that governs the lifting of entries of default under Rule 55(c), which consists of three factors: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)(citations omitted).

Under Rule 60(b)(6), the Court has the discretion to vacate the judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To prevail, the moving party must show extraordinary circumstances justifying the reopening of the order. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Subparagraph (6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lai v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks and citation omitted).

The Ninth Circuit has held that the one-year limitation in Rule 60(b)(1) does not present an absolute bar when a party does not receive notice of the order, such that the court has "discretion to treat the motion to vacate as arising under clause (6) of Rule 60(b), notwithstanding

that the underlying basis for vacating the judgment does not strictly constitute 'any other reason' as that phrase is used in the rule." *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989). Thus, the district court may exercise its discretion to vacate a judgment for mistake, inadvertence, surprise, or excusable neglect that would otherwise be procedurally barred if the "good cause" factors are satisfied. *Id*.

**B. Request for Judicial Notice**

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir.1993). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

**A. Request for Judicial Notice**

As a preliminary matter, the Government asks that the Court take judicial notice of two exhibits in support of its opposition: 1) Proof of Service of Summons and complaint, filed April 5, 2012, as Dkt. No. 2 in the instant action; and 2) Motion to Enter Default and Motion to Enter Default Judgment for Failing to Plead and Declaration in Support of Motion to Enter Default and in Support of Motion to Enter Default Judgment with the Certificate of Service attached, Dkt. Nos. 3, 4, and 5 in the instant action. Defendant has not disputed the authenticity of these documents.

The Court will take judicial notice of Exhibit 1 and 2, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Thus, the Government's request for judicial notice is GRANTED.

**B. Whether the judgment is void under Rule 60(b)(4)**

A judgment is void if the Court lacks personal jurisdiction due to the insufficient service of process. Defendant argues that the Court should vacate the default judgment because she was never served with a copy of the summons or complaint.

5

In support of her motion, Cannon submits a declaration stating that she first discovered the complaint and default judgment against her when her employer notified her of the garnishment action on or about June 29, 2013. (Decl. of Clarinda Cannon, "Cannon Decl.," Dkt. No. 23 ¶ 4.)

The Court finds that regardless of whether she had actual notice, Cannon bears the burden of establishing that she was not served on April 1, 2012, because Plaintiff submitted a signed proof of service that states that Faheem Moore, a registered California process server, personally served Defendant with the summons and complaint. This return of service is "prima facie evidence of valid service" and the burden therefore shifts to Cannon to demonstrate that she was not served. *Internet Solutions*, 509 F.3d at 1166.

At the hearing, Defendant swore under oath that she has never resided at 2243 Beckham Way, but that her sister does. (*See also* Cannon Decl. ¶ 5.) She, however, lives a transient lifestyle, and does receive some mail at that address and has stayed with her sister on occasion. Cannon stated that at the time of service, she resided with a friend in Walnut Creek. She further states that, at the time of service, she and her sister were estranged, which may explain why she did not have actual notice of the action. *Id.*

The Government disputes Cannon's contention that that she did not reside at the Beckham Way address, and believes that she had actual notice of the lawsuit. In support of this assertion, the Government had a Postal Tracer returned by the Postmaster on or about March 17, 2011. (Pl.'s Opp'n at 2; Decl. of Daniel Bauman, "Bauman Decl.," Dkt. No. 26 ¶ 3.) Service was not attempted on Defendant until April 1, 2012, more than one year after the postal tracer was returned. (Dkt. No. 2.) At the hearing, the Government confirmed that it did not obtain a more current postal tracer before attempting service on Defendant.

The Government further offers the fact that the mail addressed to Defendant at the Beckham Way address was not returned by the Post Office as undeliverable. (Pl.'s Opp'n at 3.) In addition, the process server declares that when he asked for Defendant, the response from the individual answering the door was that Defendant "was not in," rather than that she did not live there. *Id.* At the hearing, the Government acknowledged that it had no way of knowing whether the person who answered the door was a member of the household. Further, Defendant explained

6

that she knew that none of her sister's immediate family fit the process server's description of "Black, Female, 30-40 years old, Black Hair, Brown Eyes, 5 Feet 5 Inches, 135 Pounds," because her brother-in-law and her nieces and nephew are all over six feet tall and her sister has long gray hair and is in her 50s. Defendant swore that nobody else lived at the Beckham Way address at the time of service.

Accordingly, Defendant has shown that service was not proper on the grounds that she did not reside at the Beckham Way address, and could not have been properly served by substituted service. As a result, the judgment is void.

### C. Whether the Judgment may be vacated pursuant to Rule 60(b)(6) using the 60(b)(1) factors.

Even if the default judgment was not void under Rule 60(b)(4), it may be set aside for reason of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The moving party must satisfy the good cause standard that governs the lifting of entries of default under Rule 55(c), which consists of three factors: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)(citations omitted).

As an initial matter, to vacate a judgment under Rule 60(b)(1), the motion must be made within a reasonable time, and no later than one year after the entry of judgment. Fed. R. Civ. P. 60(c). In the instant matter, more than one year has elapsed since the entry of default judgment, so the Court cannot vacate based on Rule 60(b)(1). The Court, however, has the discretion to vacate the judgment for "any other reason that justifies relief" so long as the motion is made during a reasonable time. *See* Fed. R. Civ. P. 60(b)(6).

The Abstract of Judgment was issued on May 23, 2012. (Dkt. No. 8.) The abstract of judgment, which was prepared by the Government, however, was sent to Defendant's attention at the Calmar Avenue address in Oakland. *Id.* At the hearing, the Government acknowledged that the mailing address and the listed last known address were both erroneously listed as the Calmar

7

Avenue address. The Government also confirmed that the default judgment itself (Dkt. No. 7) was never served.

The Government did not file a motion for writ of garnishment until May 17, 2013. (Dkt. No. 9.) The writ was granted on May 29, 2013. (Dkt. No. 16.) Also on May 29, 2013, a Clerk's Notice of Post-Judgment Garnishment and Instructions to Defendant was issued. (Dkt. No. 17.) There are no certificates of service on the docket, but the writ of garnishment identifies Defendant and her last known address as 548 Laurel Street in Vallejo. (Dkt. No. 16.) The Government listed the Vallejo address as her last known address despite the fact that the Government's First Request for Production of Documents mailed to the Vallejo address on or about November 14, 2012 was returned undeliverable. (Pl.'s Opp'n at 3; Bauman Decl. ¶ 7.)

Defendant states that she learned of this lawsuit on or around June 26, 2013. (Cannon Decl. ¶ 11.) In light of the inconsistencies in the service of documents in this case, and the Court's finding that Defendant was not properly served, the Court is inclined to believe that Defendant did not have notice, or, at the very least, her default was the result of excusable neglect. Defendant filed a request for hearing on July 10, 2013. Even if she knew sooner, she notified the Court within two months of the issuance of the writ of garnishment. The Court finds that Defendant responded within a reasonable period of time to satisfy the temporal requirement of Rule 60(b)(6), because justice would not be served if Defendant were denied the opportunity to defend the instant action on the merits.

Accordingly, the Court finds that should the Rule 60(b)(1) good cause factors be satisfied, the judgment may be vacated under the court's discretion, despite the passage of more than one year since the entry of default judgment, because Defendant did not have notice of the judgment against her. *See Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989).

1. <u>Whether Defendant's conduct led to the default</u>

As provided above, if true, Defendant did not have knowledge of the action against her. At the very least, to the extent that Defendant's transient lifestyle led to default, this constitutes excusable neglect, and should not deprive her of the opportunity to defend this action.

///

### 2. Whether Defendant has a meritorious defense

Defendant contends that she does not owe any outstanding balance on any student loans. (Def.'s Mot. at 4.) Further, she states that her college tuition was, or should have been, paid through CalVet, a California program offering free tuition assistance to the children of disabled veterans. (*Id.*; Cannon Decl. ¶ 10.) She further provides that any emergency loans she received "were paid back in full within a short period of time." (Cannon Decl. ¶ 10.) At the hearing, Defendant clarified that the emergency loans were issued by U.C. Berkeley and had to be repaid within thirty days or else she would not be allowed to register for classes. Accordingly, Defendant provides what, if true, would be a meritorious defense.

### 3. Whether reopening the case would prejudice Plaintiff

This collection case stems from student loans issued between 1983 and 1988. (Cert. of Indebtedness, Dkt. No. 1, Ex. A.) Defendant argues that given the age of the debt, the Government would suffer no tangible harm by setting aside the entry of default and vacating judgment. (Def.'s Mot. at 4.) The Court agrees.

The Federal Rules of Civil Procedure have a strong, underlying policy that favors a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In addition, Defendant contacted the Court and opposing counsel soon after she learned of the action against her. (Def.'s Mot. at 5.)

The Government did not address the issue of prejudice in its opposition, instead taking the position that the Court needed to determine whether Defendant resided at the Beckham Way address at the time of service. The Court finds that any prejudice would be minimal, which is further supported by the fact that the Government waited more than one year after the entry of default judgment to file its motion for writ of garnishment.

Accordingly, the Court finds that the entry of default and the judgment itself may also be set aside through the exercise of the Court's discretion under Rule 60(b)(6) for reason of "mistake, inadvertence, surprise, or excusable neglect."

///

///

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant Clarinda Cannon's motion to set aside the entry of default and vacate judgment on the grounds that the judgment is void under Rule 60(b)(4). Even if it were not void, it may also be set aside through the exercise of the Court's discretion under Rule 60(b)(6).

The entry of default and the judgment are vacated and Defendant shall file an answer to the complaint on or before January 17, 2014.

The initial case management conference will be held on February 25, 2014.

IT IS SO ORDERED.

DATE: December 19, 2013

KANDIS A. WESTMORE
United States Magistrate Judge